UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PANKAJ MERCHIA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 18-11136-FDS |
| v. ) | |
| ) | |
| VIRGINIA BOARD OF MEDICINE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

**SAYLOR, J.**

The complaint in this action was filed on May 30, 2018. On September 25, 2018, the Court ordered plaintiff, pursuant to Rule 4(m), Fed. R. Civ. P., and Local Rule 4.1(b), to file proof of service or to show cause within 21 days why service of the summonses and complaint had not been made.

On October 16, 2018, plaintiff filed a document consisting of 17 "Proof of Service" forms. Each of the forms appears to have been filled out by a person named Gwenyth P. Lindquist, and lists a different defendant as having "received" the summons on October 15, 2018. In addition, each form has marked the "other" box for method of service and includes the following typed sentence: "I mailed the summons and complaint via USPS Mail with signature confirmation pursuant to FRCP 4(c)(2) and 4(e)(1) and Massachusetts Rule of Civil Procedure 4(e)(3)."

Fed. R. Civ. P. 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States" by "following state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located . . ." Mass. R. Civ. P. 4(e)(3) provides that a party may be served outside the Commonwealth "by any form of mail addressed to the person to be served." Notably, Mass. R. Civ. P. 4(e)(3) also "requir[es] a signed receipt" of the mailing.

Although the forms filed by plaintiff have all been sworn to under penalty of perjury, they do not provide sufficient information to establish that service was properly made on defendants.

First, the forms provide no indication of the addresses to which Ms. Lindquist mailed the 17 summonses. Without that information, the Court is unable to tell whether plaintiff's mailings are likely to have been received by defendants.

Second, the forms filed by plaintiff do not provide evidence of any "signed receipt[s]" of the mailings as is required by Mass. R. Civ. P. 4(e)(3).

Accordingly, plaintiff is ordered to provide within 21 days, that is—by November 9, 2018—(1) the address to which each summons was mailed, (2) evidence that each address is a location where defendant would likely reside or otherwise would be likely to receive the summons, and (3) a signed receipt for each of the 17 mailed summonses.

Plaintiff's failure to comply with this order by November 9, 2018, may cause the action to be dismissed in whole or in part under Rule 4(m), Fed. R. Civ. P., and Local Rule 4.1(b). **So Ordered.**

Dated:  October 19, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge