UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PANKAJ MERCHIA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 18-11136-FDS |
| v. ) | |
| ) | |
| VIRGINIA BOARD OF MEDICINE; ) | |
| VIRGINIA DEPARTMENT OF HEALTH ) | |
| PROFESSIONS; WILLIAM L. HARP, M.D.; ) | |
| JENNIFER DESCHENES, J.D.; KEVIN ) | |
| O'CONNOR, M.D.; SYED ALI, M.D.; ) | |
| JASMINE GORE; ALVIN EDWARDS, PH.D.; ) | |
| JANE HICKEY, J.D.; ISAAC KOZIOL, M.D.; ) | |
| ERIN BARRETT, J.D.; TAMIKA HINES; ) | |
| JAMES SCHLIESSMANN, J.D.; SHEVAUN ) | |
| ROUKOUS, J.D.; CYNTHIA LEVEILLE, ) | |
| M.D.; SIOBHAN DUNNAVANT, M.D.; ) | |
| WAYNE REYNOLDS, M.D.; and GERALD A. ) | |
| MILSKY, J.D., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR POST-JUDGMENT RELIEF**

**SAYLOR, J.**

The Court granted defendants' motion to dismiss the amended complaint on April 2, 2019. Plaintiff has since moved for relief from judgment under Fed. R. Civ. P. 60(b), seeking to vacate the dismissal and file a second amended complaint.

As a preliminary procedural matter, motions for post-judgment relief may be made under Rules 59(e) or 60(b). A motion for post-judgment relief filed within 28 days of entry of judgment is made under Rule 59(e), and all other motions for post-judgment relief are made under Rule 60(b). Because plaintiff's motion was filed 28 days after entry of judgment, the

Court will treat it as a motion for relief under Rule 59(e).[1]

Rule 59(e) grants federal courts the power to vacate judgments, but such relief is "granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 55 (1st Cir. 2016) (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." *Biltcliffe*, 772 F.3d at 930 (internal quotation marks and citations omitted).

While plaintiff's proposed second amended complaint, read liberally, appears to include new factual allegations, he has not explained why those facts were not previously known or knowable to him. Nor has he identified a change in the law or a manifest error of law.[2] Therefore, the motion for post-judgment relief under Rule 59(e) will be denied.

Moreover, even if the motion had been made under Rule 60(b), it would still be denied. "Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Roosevelt REO PR II Corp. v. Del Llano-Jimenez*, 2019 WL 1526691, at *2 (1st Cir. Apr. 9, 2019) (quoting *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 41 (1st Cir. 2015)). However, "relief under Rule 60(b) is extraordinary in

---

[1] Plaintiff also requests leave to file a second amended complaint. However, because that request was made "only *after* the district court dismissed [his] first amended complaint," it "cannot be allowed unless and until the judgment is vacated." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Because the Court will not vacate the judgment, it need not address plaintiff's request for leave to amend.

[2] In his brief in support of the motion, plaintiff contends that dismissal was partly predicated on a mistake of law because "Virginia waives sovereign immunity for any state actor engaged in Gross Negligence." However, plaintiff did not raise that argument in opposing the motion to dismiss and has not explained how defendants' actions constituted gross negligence.

nature and . . . motions invoking that rule should be granted sparingly." *Id.* (internal quotation marks and citations omitted).  The party seeking relief must show that (1) the motion was timely, (2) exceptional circumstances justifying relief exist, (3) the other party would not be unfairly prejudiced, and (4) there is a potentially meritorious claim or defense.  *See id.* (citation omitted).  In evaluating a Rule 60(b) motion, "[c]ourts are not to 'give credence to [a] movant's bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade.'"  *Id.* (quoting *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 18 (1st Cir. 1992) (second alteration in original)).

In essence, plaintiff contends that because he is proceeding *pro se*, his failure to plead sufficient facts constitutes "excusable neglect."  "Deciding what constitutes excusable neglect is a case-specific exercise, which requires 'an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission.'"  *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 4 (1st Cir. 2014) (quoting *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001)).  "The pertinent facts and circumstances typically include such things as 'the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith.'"  *Id.* (quoting *Davila-Alvarez*, 750 F.3d at 4).  "Within the constellation of relevant factors, the most important is the reason for the particular oversight."  *Id.* (quoting *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 39 (1st Cir. 2013) (internal quotation marks omitted)).

There is no evidence of bad faith on plaintiff's part.  And the delay was brief; motions for post-judgment relief under Rule 60(b)(1) must be filed within a year of entry of judgment, and plaintiff filed his motion within 28 days.  However, plaintiff has not provided any authority, and this Court is unaware of any, for the proposition that a litigant's *pro se* status, without more,

justifies inadequate pleading as "excusable neglect." *Cf. Capizzi v. States Resources Corp.*, 2005 WL 113679, at *5 (D. Mass. Jan. 20, 2005) (rejecting argument that *pro se* status excused plaintiffs from complying with court orders).[3]  And if that were true, *pro se* litigants could simply move for reconsideration whenever a court dismissed their cases.  Furthermore, defendants here would be unfairly prejudiced if the Court were to vacate the judgment.  *Cf. Skrabec v. Town of N. Attleboro*, 321 F.R.D. 46, 49 (D. Mass. 2017) (noting that defendants would be prejudiced if litigation were reopened because they were entitled to summary judgment).[4]  Because those factors weigh against reopening the case, the Court finds that plaintiff failed to show excusable neglect as required under Rule 60(b).

Accordingly, and for the foregoing reasons, plaintiff's motion for post-judgment relief is DENIED.

**So Ordered.**

Dated: May 2, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

---

[3] Plaintiff does not appear to dispute that the Court construed the amended complaint liberally in light of his *pro se* status.

[4] Plaintiff cites to *Deo-Agbasi v. Parthenon Grp.*, 229 F.R.D. 348, 353 (D. Mass. 2005) for the proposition that "[t]he prejudice factor generally does not weigh against the moving party when the only negative aspect would be the reopening of a matter the opposing party would rather have closed."  However, he overlooks the next two sentences in that opinion, which cautioned that the prejudice factor weighed against the plaintiff because the events underlying the complaint were five years old.  Here, plaintiff's alleged mishandling of patient medical records occurred almost a decade ago, and it appears that his administrative proceedings before the Virginia Board of Medicine concluded approximately two years ago.